HEINS v SYNKONIS

1. APPEAL AND ERROR—VERDICT—DIRECTED VERDICT.

All the facts and reasonable inferences must be viewed in the light most favorable to the plaintiff upon reviewing a defendant's motion for a directed verdict.

2. PHYSICIANS AND SURGEONS—MEDICAL MALPRACTICE—STANDARD OF CARE—EXPERT TESTIMONY.

Expert testimony is required in a medical malpractice case to show that a doctor has violated the standard of care required, unless the injury is of such a character that laymen could find negligence.

3. PHYSICIANS AND SURGEONS—MEDICAL MALPRACTICE—STANDARD OF CARE—VERDICT—DIRECTED VERDICT—QUESTION OF FACT.

A motion for a directed verdict was properly denied where the defendant, a doctor being sued for malpractice, set forth in his testimony a standard of care necessary, stated that he did not suspect any complications despite plaintiff's testimony that she had complained of pain, and admitted that an X-ray of the plaintiff's injured shoulder was ordered by a resident of the hospital after the defendant was prepared to discharge the plaintiff even after examining the plaintiff on at least two occasions after surgery; this testimony raised a question of fact from which the jury could find the defendant had violated the standard of medical practice in not X-raying plaintiff's shoulder for six days.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 105–113.

[2, 3] 61 Am Jur 2d, Physicians and Surgeons §§ 112–119.

Competency of physician or surgeon of school of practice other than that to which defendant belongs to testify in malpractice case. 85 ALR2d 1022.

[4] 3 Am Jur 2d, Agency § 19.

Estoppel as ground for holding defendant liable for negligence in conduct of business which appears to be his but which in fact belongs to another. 256 ALR 256.

[5] 61 Am Jur 2d, Physicians and Surgeons §§ 175–222.

[6] 61 Am Jur 2d, Physicians and Surgeons § 216.

4. PRINCIPAL AND AGENT—AGENCY BY ESTOPPEL—ELEMENTS OF
    AGENCY.

Three elements are necessary to find an agency by estoppel: (1)
the person dealing with the agent must do so with belief in the
agent's authority and this belief must be a reasonable one; (2)
such belief must be generated by some act or neglect of the
principal sought to be charged; and (3) the third person, in
relying on the agent's apparent authority, must not be guilty of
negligence.

5. PHYSICIANS AND SURGEONS—MALPRACTICE—PRINCIPAL AND AGENT
    —AGENCY BY ESTOPPEL.

A plaintiff in an action against a doctor for malpractice could not
reasonably infer that the doctor was an agent of a hospital
from the sole factor that the hospital's facilities were used by
the doctor to treat the plaintiff; thus the hospital cannot be
held liable to the plaintiff by reason of an agency by estoppel.

6. APPEAL AND ERROR—MEDICAL MALPRACTICE—VERDICT—EXCESSIVE
    VERDICT—PERMANENT INJURY—PAIN AND SUFFERING—JUDICIAL
    CONSCIENCE.

The standard on review of a verdict alleged to be excessive is
whether the verdict shocks the judicial conscience, and whether
there was evidence sufficient to support the verdict, and a
verdict in a medical malpractice case based upon evidence of a
possible permanent injury caused by a delay in treatment and
upon pain and suffering caused by the failure to diagnose and
remedy the plaintiff's injury, where the verdict does not shock
the judicial conscience, will stand.

Appeal from Wayne, John R. Kirwan, J. Submitted Division 1 November 12, 1974, at Detroit. (Docket No. 19017.) Decided January 28, 1975.

Complaint by Hazel Heins against Joseph P. Synkonis and Riverside Osteopathic Hospital for damages for malpractice. Judgment for plaintiff. Defendants appeal. Affirmed in part, reversed in part.

*Ripple & Chambers, P. C.,* for plaintiff.

*Dice, Sweeney & Sullivan, P. C.* (by *Robert E. Dice* and *Jack E. Vander Male*), for defendants.

Before: BASHARA, P. J., and DANHOF and VAN
VALKENBURG,* JJ.

BASHARA, P. J. This suit was instituted by plain-
tiff for the recovery of damages for malpractice
against Dr. Synkonis. Plaintiff further contended
that defendant Riverside Osteopathic Hospital
(hereinafter referred to as Riverside) was liable
under the theory of agency by estoppel. A jury
verdict awarded plaintiff $50,000 against defend-
ants jointly and severally. It is from this judgment
that defendants appeal.

Plaintiff suffered a minor fall, injuring her right
shoulder. Plaintiff received conservative treatment
from a physician, but when there was no improve-
ment in her condition, she sought the advice of Dr.
Synkonis who, on Wednesdays, had an out-patient
practice at defendant Riverside. Defendant Dr.
Synkonis and Dr. Ketter diagnosed plaintiff's con-
dition as adhesive capsulitis and recommended
surgery.[1] Plaintiff was informed by Dr. Synkonis
that there would be considerable pain after the
operation, and that she would have to engage in
postoperative therapy.

The surgical procedure, known as forced manip-
ulation, was performed. Plaintiff complained of
excruciating pain upon regaining consciousness.
Her shoulder was not X-rayed at this time to
determine if there were any complications. On this
same day Dr. Synkonis ordered plaintiff to begin
therapy, which was continued for the next six
days. During the entire theraputic procedure
plaintiff continued to complain of excruciating

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Dr. Synkonis and Dr. Ketter were associates at the time of the
injury. However, at the time of trial Dr. Ketter was deceased and was
not a party to this action.

pain. On the sixth day after the operation, an X-ray of plaintiff's shoulder disclosed that she was suffering from a dislocated shoulder.

Dr. Synkonis testified during the course of plaintiff's proofs that the dislocation could have occurred during surgery or the subsequent therapy. He further stated that sound medical practice required that an X-ray be taken before discharge or whenever complications were suspected after surgery. The only further expert testimony offered by plaintiff was as to damages.

At the close of plaintiff's proofs, defendants moved for a directed verdict arguing that there had been no expert testimony that Dr. Synkonis had violated any medical standards with respect to the diagnosis, the surgical procedure or the postoperative treatment. This motion was denied, as was defendant's motion for a judgment notwithstanding the verdict or a new trial.

Upon reviewing a motion for a directed verdict, all the facts and reasonable inferences must be viewed in the light most favorable to plaintiff. *Daniel v McNamara,* 10 Mich App 299; 159 NW2d 339 (1968).

It is well recognized in Michigan that expert testimony is required to show that a doctor has violated the standard of care required unless the injury is of such a character that laymen could find negligence. *Roberts v Young,* 369 Mich 133; 119 NW2d 627 (1963); *Marchlewicz v Stanton,* 50 Mich App 344; 213 NW2d 317 (1973).

Defendant Dr. Synkonis himself, testifying during plaintiffs proofs, set forth a standard of care necessary in this cause. His testimony was verified by Dr. Heliotis, who testified on behalf of defendants. Plaintiff testified that although she was warned there would be some postoperative pain,

she complained of continued and excruciating pain over the entire six-day period. We further note that Dr. Synkonis himself testified that the X-ray was ordered by a resident of the hospital after Dr. Synkonis was prepared to discharge plaintiff. He testified that he did not suspect any complications, even after examining her on at least two different occasions after surgery.

Under these circumstances, we hold that there was a question of fact from which a jury could find that Dr. Synkonis violated the standard of medical practice in not X-raying plaintiff's shoulder for six days. The judge was correct in denying defendant's motions.

The second issue presented is whether the trial court erred in holding defendant, Riverside, vicariously liable for the negligence of Dr. Synkonis who simply used its facilities.

Plaintiff argues, citing *Howard v Park,* 37 Mich App 496; 195 NW2d 39 (1972), that defendant hospital was liable to plaintiff since an agency by estoppel had been created.

An examination of *Howard v Park, supra,* discloses that there are three elements necessary to find an agency by estoppel:

" ' "[First] the person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; [second] such belief must be generated by some act or neglect of the principal sought to be charged; [third] and the third person in relying on the agent's apparent authority must not be guilty of negligence." ' " 37 Mich App 500–501.

*Howard v Park, supra,* is distinguishable from the case at bar. In *Howard,* the Court, in finding the defendant hospital liable, relied on the three factors, two of which are not present in this case.

There the doctor, who was the sole proprietor of the hospital, referred plaintiff to the defendant doctor and plaintiff was billed by defendant hospital with the doctor's name on its stationery. The only factor common to both *Howard, supra,* and this case is that the treatment occurred at defendant's hospital.

The sole factor that defendant Riverside's facilities were used by defendant Dr. Synkonis to treat plaintiff was not a sufficient act by Riverside to create any appearance that Dr. Synkonis was its agent. We, therefore, hold that plaintiff could not reasonably infer that Dr. Synkonis was an agent of Riverside. Thus, defendant Riverside is released from any liability to plaintiff.

The third issue is whether the jury award of $50,000 to plaintiff was excessive and contrary to the great weight of the evidence. We note that plaintiff's damages can be based on two sources. First, the extra amount of pain and suffering caused by the failure to discover and remedy the dislocation; and second, the permanent injury, if any, caused by this delay.

Where it has been alleged that the verdict was excessive, the standard on review has been whether the verdict shocks judicial conscience, or whether there was evidence sufficient to support the verdict. *Haidy v Szandzik,* 46 Mich App 552; 208 NW2d 559 (1973). Pain and suffering has also been held to be a proper consideration of the jury when awarding damages for a medical malpractice action. *Daniel v McNamara,* 10 Mich App 299; 159 NW2d 339 (1968).

In all candor, it might be possible to postulate that a different jury may have reached a verdict in a lesser amount. We cannot say, however, that the verdict in the instant action was such to shock our

judicial conscience. We, therefore, hold that the jury in awarding plaintiff $50,000 in the instant action was not unsupported by the evidence.

Reversed in part and affirmed in part.

No costs since neither party has prevailed in full.