VAN DEUSEN v FOUNTAINVIEW TERRACES, INC.

OPINION OF THE COURT

1. APPEAL AND ERROR—DIRECTED VERDICT—STANDARD OF REVIEW.
   The Court of Appeals, when reviewing a directed verdict in favor of a defendant, is required to view the facts, and all legitimate inferences therefrom, in the light most favorable to the plaintiff.

2. NEGLIGENCE—DUTY—INVITOR—INVITEE—LANDLORD AND TENANT—ICE AND SNOW—MUD ACCUMULATION.

   An invitor has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation, although the invitor is not an absolute insurer of the safety of an invitee; there is no substantial difference between a natural accumulation of ice and snow and a natural accumulation of mud as a result of inclement weather.

3. LANDLORD AND TENANT—NEGLIGENCE—DUTY—ICE AND SNOW—MUD ACCUMULATION—AFFIRMATIVE ACTS—DIRECTED VERDICT—REASONABLE CARE.

   A landlord has a duty not to increase the natural hazards of ice and snow or mud accumulation or create a new hazard by any affirmative act; the placement of a dumpster can be seen as such an affirmative act with hazardous effect, and, therefore, a trial court should not have granted a directed verdict for defendants where the plaintiff tenant alleged negligent placement of a dumpster throughout the proceeding, since it is a jury determination whether or not the defendants' placement of the dumpster on a muddy surface represents a failure to exercise reasonable care to diminish the hazards of mud accumulation.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 489; 30 Am Jur 2d, Evidence § 1086.
[2, 3] 49 Am Jur 2d, Landlord and Tenant § 780 *et seq.*
[4–6] 49 Am Jur 2d, Landlord and Tenant § 776.

CONCURRENCE BY BASHARA, P. J.

4. NEGLIGENCE—DUTY—PROPERTY OWNERS—LANDLORD AND TENANT
—NATURAL ACCUMULATION OF MUD.

*An owner of property has no duty to diminish the hazards of the
natural accumulation of mud due to inclement weather.*

5. LANDLORD AND TENANT—NEGLIGENCE—DUTY—MAINTENANCE—
GARBAGE DISPOSAL AREA.

*The placement and maintenance of a garbage disposal area rests
on the shoulders of a landlord, since that area is under his
control.*

6. LANDLORD AND TENANT—NEGLIGENCE—DUTY—COMMON AREAS—
GOOD REPAIR—REASONABLY SAFE FOR USE—JURY QUESTION.

*A landlord has a duty to keep the common areas in good repair
and reasonably safe for the use of the tenants; it is a jury
question, in a personal injury action against the landlord,
whether or not the duty has been met.*

Appeal from Macomb, Edward J. Gallagher, J.
Submitted April 13, 1976, at Detroit. (Docket No.
23071.) Decided May 27, 1976. Leave to appeal
denied, 397 Mich 843.

Complaint by Margaret Van Deusen against
Fountainview Terraces, Inc., and Tri-County Sani-
tation Services, Inc., for personal injuries from a
fall while plaintiff was attempting to deposit her
garbage in a dumpster maintained on defendant
Fountainview's property. Judgment on a directed
verdict for defendants. Plaintiff appeals. Reversed
and remanded.

*Stavoe & Deegan,* for plaintiff.

*Alexander, Buchanan & Seavitt* (by *Floyd S.
Westcott),* for defendant Fountainview Terraces,
Inc.

*Eggenberger, Eggenberger, McKinney & Weber,*
for Tri-County Sanitation Services, Inc.

Before: BASHARA, P. J., and R. B. BURNS and
QUINN, JJ.

R. B. BURNS, J. Plaintiff was injured in a fall
while attempting to deposit her garbage in a
dumpster maintained on defendant landlord's
property. She appeals from a directed verdict for
defendants. We reverse.

The testimony at trial established that the
dumpster sat on a bare ground surface, and was
situated 2-1/2 to 4 feet beyond the curb bounding
the paved parking lot of the apartment house.
Plaintiff, 80 years old, was required by her lease to
make use of the landlord's trash facilities. The
location of the dumpster required her to step onto
the dirt surface to deposit her trash.

The accident occurred on a January afternoon
after a period of rain. Plaintiff testified that the
parking lot was dry and that the area between the
curb and the dumpster did not appear to be
muddy. Upon stepping onto the surface, however,
her entire shoe sank into the mud and she lost her
balance, falling backward. She suffered a fracture
and remained lying on the ground for approxi-
mately one hour.

In reviewing a directed verdict in favor of de-
fendants, this Court is required to view the facts,
and all legitimate inferences therefrom, in the
light most favorable to plaintiff. *Heins v Synkonis,*
58 Mich App 119; 227 NW2d 247 (1975).

The Michigan Supreme Court in *Quinlivan v
The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich
244, 248; 235 NW2d 732 (1975), abandoned the rule
that "no duty is owed the invitee respecting haz-
ards arising from natural accumulations of ice and
snow". Advanced is a new standard:

"While the invitor is not an absolute insurer of the safety of the invitee, the invitor has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation." 395 Mich at 261.

We are persuaded that there is no substantial difference between a natural accumulation of ice and snow and a natural accumulation of mud as a result of inclement weather. The question is whether defendants' placement of the dumpster on the muddy surface represents a failure to "exercise reasonable care to diminish the hazards of * * * [mud] accumulation". The answer is certainly sufficiently disputable to require a jury's determination.

Plaintiff has alleged negligent placement of the dumpster throughout her proceeding. The *Quinlivan* Court recalled the language of *Bard v Weathervane of Michigan,* 51 Mich App 329, 331; 214 NW2d 709 (1974), that a defendant has the duty "to not increase these natural hazards or create a new hazard by any affirmative act". The placement of the dumpster can be seen as such an affirmative act with hazardous effect.

We believe that plaintiff should have an opportunity to have a jury determine if the placement of the dumpster was negligent and a proximate cause of her injuries. Defendants' prior knowledge of the hazardous condition is material to the concept of foreseeability. For purposes of retrial, we note our conclusion that the trial court was in error in excluding the discovery deposition of Karen Morin and the offered testimony of witness Mr. Sutherland.

Reversed and remanded for a new trial. Costs to plaintiff.

QUINN, J., concurred.

BASHARA, P. J. *(concurring).* I concur in the result. However, I cannot agree that *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244; 235 NW2d 732 (1975), is controlling. My research discloses no duty on the owner of property to diminish the hazards of the natural accumulation of mud due to inclement weather.

The plaintiff's theory of negligence is basically the placement of the garbage dumpster in an area that was not maintained. The prevalent view is that the placement and maintenance of a garbage disposal area rests on the shoulders of the landlord, since that area is under his control *Weidner v Schottenstein,* 111 Ohio App 376; 169 NE2d 304 (1960), *Keane v McIndoe,* 93 Cal App 2d 82; 207 P2d 1059 (1949), *Ullrich v Kintzele,* 297 SW2d 602 (Mo App, 1957). Common areas must be kept in good repair and reasonably safe for the use of tenants. *Samson v Saginaw Professional Building, Inc,* 393 Mich 393; 224 NW2d 843 (1975). This is a question for the jury.

I concur in the reversal and remand for trial.