BERTRAND v ALAN FORD, INC

MAURER v OAKLAND COUNTY PARKS AND
RECREATION DEPARTMENT (AFTER REMAND)

Docket Nos. 96603, 98108. Argued March 7, 1995 (Calendar Nos. 1-2).
Decided August 15, 1995.

Flora J. and Thomas E. Bertrand brought a premises liability
action in the Oakland Circuit Court against Alan Ford, Inc.,
seeking damages for injuries sustained by Flora following a fall
from a step at the defendant's place of business. The plaintiffs
alleged that the defendant breached its duty to maintain a
reasonably safe premises by failing to place a guardrail along
the step or to warn of the step down. The court, Robert C.
Anderson, J., granted summary disposition for the defendant
on the basis of *Riddle v McLouth Steel Products,* 440 Mich 85
(1992), finding that the danger was open and obvious. The
Court of Appeals, MARILYN KELLY, P.J., and MICHAEL J. KELLY
and FITZGERALD, JJ., peremptorily reversed in an unpublished
order, reasoning that the trial court had misinterpreted *Riddle*
(Docket No. 158355). The defendant appeals.

Kathleen and Roger Maurer brought a premises liability action
in the Oakland Circuit Court against the Oakland County
Parks and Recreation Department, seeking damages for inju-
ries sustained when Kathleen stumbled and fell on an un-
marked restroom step at the Addison Oaks County Park. The
court, Robert C. Anderson, J., granted summary disposition for
the defendant. The Court of Appeals, MURPHY, P.J., and
SHEPHERD and T. S. EVELAND, JJ., reversed and remanded in an
unpublished opinion per curiam (Docket No. 133237). In lieu of
granting leave to appeal, the Supreme Court remanded the case
to the Court of Appeals for consideration as on rehearing
granted, and instructed it to consider *Riddle,* and *Wade v Dep't
of Corrections,* 439 Mich 158 (1992), 442 Mich 883 (1993), and, if
it again reversed on the issue of duty, to also consider the issue
of governmental immunity. On remand, the Court, MURPHY,
P.J., and SHEPHERD, J. (SAWYER, J., dissenting), reversed and
remanded for trial, concluding that summary disposition was
improper because a genuine issue of fact existed regarding the
openness and obviousness of the danger and that the steps fell

within the public building exception to governmental immunity (Docket No. 163080). The defendant appeals.

In an opinion by Justice CAVANAGH, joined by Chief Justice BRICKLEY, and Justices BOYLE, RILEY, and MALLETT, the Supreme Court *held:*

While, under ordinary circumstances, a possessor of land does not have an absolute obligation to warn invitees of steps or differing floor levels, where there is something unusual about the situation, because of its character, location, or surrounding conditions, whether the risk of harm was unreasonable and what specific precautions reasonable care required are questions for the jury.

1. Possessors of land have a legal duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land that the landowner knows or should know invitees will not discover, realize, or protect against, and may be liable for injuries that result from the negligent maintenance of a premises or defects in the physical structure of a building. Where a condition is open and obvious, the scope of the possessor's duty may be limited. However, the possessor still may have a duty to protect an invitee against foreseeably dangerous conditions. Even though there may not be an absolute obligation to warn of open and obvious dangers, the invitor is not relieved from the duty to exercise reasonable care to protect invitees against known or discoverable dangerous conditions. The duty exists because the relationship between the parties gives rise to a legal obligation; invitors are not absolute insurers of the safety of their invitees, however.

2. Because steps are the type of everyday occurrence that people encounter, under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps foolproof. The risk of harm is not unreasonable. However, where there is something unusual about the steps, because of their character, location, or surrounding conditions, the duty of the possessor of land to exercise reasonable care remains. If the proofs create a question of fact that the risk of harm was unreasonable, the existence of a duty as well as breach become questions for the jury.

3. In *Maurer,* the plaintiff's only asserted basis for a finding that the step was dangerous was that she did not́ see it. Because the plaintiff failed to establish anything unusual about the step or to present any facts that the step posed an unreasonable risk of harm, the trial court properly granted summary

disposition for the defendant. In *Bertrand,* because a genuine issue existed regarding whether the defendant breached its duty to protect the plaintiff against an unreasonable risk of harm, in spite of the obviousness or the plaintiff's knowledge of the danger, summary disposition was inappropriate. Whether the risk of harm was unreasonable and whether the defendant breached a duty to exercise reasonable care by failing to remedy the danger are issues for the jury.

*Maurer v Oakland Co Parks & Recreation Dep't,* reversed.

*Bertrand v Alan Ford, Inc,* affirmed and remanded for further proceedings.

Justice WEAVER, concurring in part and dissenting in part, stated that in *Bertrand* summary disposition was not inappropriate; there was no genuine issue of material fact. Cases finding that a risk of harm is unreasonable despite its obviousness or despite the invitee's awareness of the condition are rare and typically involve hazardous natural conditions. The risk to the invitee in such conditions has been held to be more unavoidable than other conditions, thereby creating an exception to the open and obvious defense.

Justice LEVIN, dissenting in *Maurer,* stated that summary disposition should not be granted if a record might be developed that would leave open an issue on which reasonable minds might differ. The majority in effect holds that no reasonable juror could find that the arrangement of steps posed an unreasonable risk of harm. A reasonable juror, however, could find that the steps were unreasonably dangerous in the absence of a warning.

201 Mich App 223; 506 NW2d 261 (1993) reversed.

*Hill, Lewis, P.C.* (by *David M. Lawson* and *Margaret C. Alli*), for plaintiffs Bertrand.

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiffs Maurer.

*Beier, Howlett* (by *Robert G. Waddell*) and *Bell & Hertler, P.C.,* of counsel (by *John W. Bell*), for defendant Alan Ford, Inc.

*Vandeveer, Garzia* (by *John J. Lynch* and *David B. Timmis*) for defendant Oakland County Parks and Recreation Department.

CAVANAGH, J. These two premises liability cases present the issue of the scope of the duty owed by an owner or occupier of land to its business invitees regarding steps on its premises.

I

The general principles of premises liability are well understood and need not be reexamined here. Essentially, social policy imposes on possessors of land a legal duty to protect their invitees on the basis of the special relationship that exists between them. The rationale for imposing liability is that the invitor is in a better position to control the safety aspects of his property when his invitees entrust their own protection to him while entering his property. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 499; 418 NW2d 381 (1988). The invitor's legal duty is "to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land" that the landowner knows or should know the invitees will not discover, realize, or protect themselves against. *Id.,* citing 2 Restatement Torts, 2d, § 343, pp 215-216. Section 343 provided:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an *unreasonable* risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger. [Emphasis added.]

A claim that the invitor has breached the duty to exercise reasonable care to protect invitees from unreasonable risks of harm has traditionally been premised on three theories: failure to warn, negligent maintenance, or. defective physical structure. Consequently, invitors may be held liable for an invitee's injuries that result from a failure to warn of a hazardous condition or from the "negligent maintenance of the premises or defects in the physical structure of the building." *Williams, supra* at 499-500.

The Restatement provided:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.* [2 Restatement Torts, 2d, § 343A(1), p 218. Emphasis added.]

The accompanying comments provided that §§ 343 and 343A are to be read together.[1] Where a condition is open and obvious, the scope of the possessor's duty may be limited.[2] While there may be no

[1] 2 Restatement Torts, 2d, § 343, comment a, p 216.

[2] Section 343A, comment e, provided:

> In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

obligation to warn of a fully obvious condition, the possessor still may have a duty to protect an invitee against foreseeably dangerous conditions. Thus, the open and obvious doctrine does not relieve the invitor of his general duty of reasonable care.

When §§ 343 and 343A are read together, the rule generated is that if the particular activity or condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions.[3] The issue then becomes the standard of care and is for the jury to decide.

A comment accompanying the Restatement explained:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. *In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection.* This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.
>
> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he

---

[3] See, generally, 62 Am Jur 2d, Premises Liability, §§ 156-158, pp 523-527.

will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. . . . *It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.* [2 Restatement Torts, 2d, § 343A, comment f, p 220. Emphasis added.]

We recently considered the open and obvious danger doctrine in *Riddle v McLouth Steel Products,* 440 Mich 85; 485 NW2d 676 (1992). There, we were concerned with jury instructions regarding the duty of a possessor of land regarding open and obvious dangers. Both the majority and the dissent agreed that § 343A applies in Michigan. *Id.* at 94 (majority); *id.* at 117 (LEVIN, J., dissenting). Both opinions further agreed that there is no *absolute* obligation to warn of open and obvious dangers. *Id.* at 97 (majority); *id.* at 123-125 (LEVIN, J., dissenting).

The majority in *Riddle* stated:

[T]he "no duty to warn of open and obvious danger" rule is a defensive doctrine that attacks the duty element that a plaintiff must establish in a prima facie negligence case. A negligence action may only be maintained if a legal duty exists which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm. If the plaintiff is a business invitee, the premises owner has a duty to exercise due care to protect the

invitee from dangerous conditions. *Beals* [*v Walker,* 416 Mich 469, 480; 331 NW2d 700 (1982)]. However, where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee *unless he should anticipate the harm despite knowledge of it on behalf of the invitee. Williams, supra.*

Once a defendant's legal duty is established, the reasonableness of the defendant's conduct under that standard is generally a question for the jury. . . . The jury must decide whether the defendant breached the legal duty owed to the plaintiff, that the defendant's breach was the proximate cause of the plaintiff's injuries, and thus, that the defendant is negligent.

If, for example, the dangerous conditions on the premises are hidden or latent, the premises owner is obliged to warn the invitee of the dangers. Defendant's failure to warn under these circumstances may indicate a breach of the legal duty owed plaintiff. *If the conditions are known or obvious to the invitee, the premises owner may nonetheless be required to exercise reasonable care to protect the invitee from the danger. Quinlivan* [*v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244, 260-261; 235 NW2d 732 (1975)]. What constitutes reasonable care under the circumstances must be determined from the facts of the case. *While the jury may conclude that the duty `to exercise due care requires the premises owner to warn of a dangerous condition, there is no absolute duty to warn invitees of known or obvious dangers.* [*Id.* at 95-97. Citation omitted; emphasis added.]

Thus, even though there may not be an *absolute* obligation to provide a *warning,* this rule does not relieve the invitor from his duty to exercise reasonable care to protect his invitees against known or discoverable dangerous conditions. *Williams,*

*supra* at 499, citing 2 Restatement Torts, 2d, § 343, pp 215-216. Duty exists because the relationship between the parties gives rise to a legal obligation. *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977). However, overriding public policy may limit the *scope* of that duty. *Id.* at 438.

With the axiom being that the duty is to protect invitees from *unreasonable* risks of harm, the underlying principle is that even though invitors have a duty to exercise reasonable care in protecting their invitees, they are not absolute insurers of the safety of their invitees. *Quinlivan, supra* at 261. Consequently, because the danger of tripping and falling on a step is generally open and obvious, the failure to warn theory cannot establish liability. However, there may be special aspects of these particular steps that make the risk of harm unreasonable, and, accordingly, a failure to remedy the dangerous condition may be found to have breached the duty to keep the premises reasonably safe.

This Court has decided many premises liability cases involving steps or differing floor levels. Before this Court adopted comparative negligence, the issue of openness and obviousness often arose as the affirmative defense of contributory negligence, which completely barred recovery.[4] However, before even reaching the issue of the affirmative defense of contributory negligence, the general rule emerged that steps and differing floor levels were not ordinarily actionable *unless* unique circumstances surrounding the area in issue made the situation unreasonably dangerous.

For instance, in *Garrett v Butterfield Theaters,* 261 Mich 262; 246 NW 57 (1933), the plaintiff fell off a step where a ladies' lounge was adjoined to a

---

[4] For example, *Relph v Nat'l Lumberman's Bank,* 280 Mich 77, 81; 273 NW 399 (1937).

toilet room. The door opened into the toilet room, with the floor level of the lounge extending nine inches beyond the door casing. There was then a four and one-half-inch step down to the floor of the toilet room. The floors were of different colored tile and the room was well lit. The Court held that the defendant was under no "duty to prevent careless persons from hurting themselves." *Id.* at 264. The Court reasoned:

> Different floor levels in private and public buildings, connected by steps, are so common that the possibility of their presence is anticipated by prudent persons. The construction is not negligent *unless, by its character, location, or surrounding conditions,* a reasonably prudent person would not be likely to expect a step or see it. [*Id.* at 263-264.]

This holding was quoted in *Boyle v Preketes,* 262 Mich 629, 635-636; 247 NW 763 (1933). There, the Court determined that steps between two storerooms were ordinary steps that posed no concealed danger to ordinarily prudent customers. The plaintiff testified that she fell because she simply did not see the step. *Id.* at 633. The Court held that the defendant was not negligent.[5]

By comparison, in *Dahlem v Hackley Union Nat'l Bank & Trust Co,* 361 Mich 609; 106 NW2d 121 (1960), a seventy-five-year-old plaintiff tripped on a step going into a women's rest room in the defendant's office building. The plaintiff had obtained a key from her physician's staff for the rest room located down the hall. Once unlocked, the

---

[5] See also *Zeglowski v Polish Army Veterans Ass'n of Michigan, Inc,* 363 Mich 583, 585-586; 110 NW2d 578 (1961) (no hazardous condition amounting to an unreasonable risk), *Cole v Keeler Brass Co,* 281 Mich 441, 446; 275 NW 201 (1937) ("no duty . . . to prevent careless persons from hurting themselves"), and *Relph, supra* at 80-82 (no extraordinary circumstances surrounding raised platform).

door swung out into the hallway. The Court described the setting:

> It appears that said door was equipped with a spring which caused it to close after having been opened. In close proximity to the door, approximately 2¾ inches therefrom, within the rest room, was a step 5 or 6 inches high between the level of the corridor and that of the rest room facilities. [*Id.* at 611.]

The plaintiff testified that the door was heavy and that as she was stepping into the room, the door sprang shut and she tripped on the step, which she did not see. Viewing the evidence in the light most favorable to the plaintiff, the Court found that there was no warning that the door would automatically close. *Id.* at 616. "The extent to which the operation of the door entered into the accident was a matter for consideration by the trier of the facts." *Id.* This Court unanimously held that "there were conditions here present that required submitting to the jury the issue as to defendant's negligence." *Id.*[6]

In summary, because steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own safety. Under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a

---

[6] A similar case is *Beardsley v R J Manning Co,* 2 Mich App 172, 173-174, 176; 139 NW2d 129 (1966). There, the plaintiff alleged that a sloping ramp was inherently dangerous without a warning of the step or without a handrail or other safety device. The defendants admitted the material facts but denied negligence. The panel distinguished *Boyle* and *Garrett* and found that viewed in the light most favorable to the plaintiff, there existed a genuine issue for the jury. See also *Nezworski v Mazanec,* 301 Mich 43, 60-61; 2 NW2d 912 (1942) (unlit platform and stairway supported jury verdict of negligence).

duty on the possessor of land to make ordinary
steps "foolproof." Therefore, the risk of harm is
not unreasonable. However, where there is some-
thing unusual about the steps, because of their
"character, location, or surrounding conditions,"[7]
then the duty of the possessor of land to exercise
reasonable care remains.[8] If the proofs create a
question of fact that the risk of harm was unrea-
sonable, the existence of duty as well as breach
become questions for the jury to decide. *Williams,
supra* at 500. If the jury determines that the risk
of harm was unreasonable, then the scope of the
defendant's duty to exercise reasonable care ex-
tended to this particular risk. At any rate, the
trial court may appropriately consider the specific
allegations of the breach of the duty of reasonable
care, such as failure to warn, negligent mainte-
nance, or dangerous construction. If the plaintiff
alleges that the defendant failed to warn of the
danger, yet no reasonable juror would find that
the danger was not open and obvious, then the
trial court properly may preclude a failure to
warn theory from reaching the jury by granting
partial summary judgment.

II

In these cases, both trial courts granted the
respective defendant's motion for summary dispo-
sition on the basis of MCR 2.116(C)(10) (no genuine
issue of material fact). Such motions must be sup-
ported by documentary evidence. MCR 2.116(G)(3)(b);
see *Patterson v Kleiman,* 447 Mich 429, 432; 526
NW2d 879 (1994). The trial court must review the
record evidence, make all reasonable infer-

---

[7] *Garrett, supra* at 263-264.

[8] See, generally, 62A Am Jur 2d, Premises Liability, §§ 583, 585,
588, pp 144-151.

ences therefrom, and determine whether a genuine issue of material fact exists, giving the nonmoving party the benefit of reasonable doubt. *Skinner v Square D Co,* 445 Mich 153, 161-162; 516 NW2d 475 (1994). On review, an appellate court must also make all reasonable inferences in the nonmoving party's favor. *Id.* at 162, citing *Moll v Abbott Laboratories,* 444 Mich 1, 27, n 36; 506 NW2d 816 (1993).

Here, we must determine whether a genuine issue existed regarding whether the risk of falling off the defendant-invitor's steps was unreasonable, despite the fact that the danger was obvious or known to the plaintiff-invitee. If a genuine issue existed, then summary disposition was inappropriate.

### III

### *MAURER v OAKLAND CO PARKS & RECREATION DEP'T*

In this case, the plaintiff alleged that on June 4, 1989, as she was leaving a rest room area, she stumbled and fell on an unmarked cement step at Addison Oaks County Park. The plaintiff sued, alleging that the defendant breached a duty owed to her, a business invitee, to maintain reasonably safe premises. Specifically, the plaintiff alleged that the defendant was negligent in failing to mark the step with a contrasting color, by failing to warn of the additional step, by failing to maintain a safe premises for its invitees, or by failing to exercise reasonable care for the safety of its invitees.

The rest room was located in a building that also housed a concession stand. There was a series

of steps outside the doorway of the rest room. First, there was a six- to eight-inch step down from the doorway to a concrete slab. About four feet beyond the first step was another six and one-half-inch to seven-inch step down to another concrete slab. This concrete area also extended about four feet. At her deposition, the plaintiff testified that she and her two children were leaving the rest room area at the defendant's park. The plaintiff saw the first step and turned around to make sure that her children also saw the step. She then tripped on the second step:

> *Q.* So you had an accident that you claim is attributable to some problem with the step, is that correct?
>
> *A.* Yes.
>
> *Q.* What is the problem, as you perceive it?
>
> *A.* I just didn't see the step there.
>
> *Q.* You just didn't see the step. And is there any reason you didn't see the step?
>
> *A.* I don't know. I just—it just didn't—you know how you spot things; I just did not see it.
>
> *Q.* What time of day was this, do you remember?
>
> *A.* 12:00 noon.
>
> *   *   *
>
> *Q.* Referring to the step that's shown on the top picture in Exhibit No. 1, what is it about that step that you feel is dangerous or defective?
>
> *A.* I just didn't see it.
>
> *Q.* And that's the only thing you feel about this step that is dangerous or defective, is the fact that you didn't see it?
>
> *A.* Right.

The trial court granted the defendant's motion

for summary judgment on the basis of MCR 2.116(C)(10).[9] In so doing, the court stated:

> I read the brief or briefs and also the file, that's the reason I wanted to take a look at the pictures because I thought it was some horrendous situation out there or something. You know, I think some place somebody has, and I'm going to be the one to do it, make people responsible for themselves I think. We can't grant relief to everybody for every little thing. This one, to me, there's absolutely, I wouldn't even submit it to a jury as far as the negligence of the County or the appropriate set-up there. If I did, I'd have to go around and my conscience would require me to close down about half the places I see in the state every day including my own house.

The trial court denied the plaintiff's motion for rehearing and reconsideration. The Court of Appeals reversed and remanded for further proceedings.[10] The defendant appealed. In lieu of granting leave to appeal, we remanded to the Court of Appeals for consideration as on rehearing granted, instructing the Court to consider *Riddle, supra,* and *Wade v Dep't of Corrections,* 439 Mich 158; 483 NW2d 26 (1992).[11] We further instructed that if the Court again reversed on the duty issue, it was to also consider the governmental immunity issue. On remand, the Court of Appeals again reversed the summary disposition and remanded for trial. 201 Mich App 223, 230; 506 NW2d 261

[9] MCR 2.116(C)(10) provides:

> Except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law.

[10] Unpublished opinion per curiam, issued August 11, 1992 (Docket No. 133237).

[11] 442 Mich 883 (1993).

(1993). The majority of the panel concluded that summary disposition was improper, holding that a genuine issue of fact existed regarding the openness and obviousness of the danger, *id.* at 227, and that the steps fell within the public building exception to governmental immunity, *id.* at 230. We granted the defendant's leave to appeal. 446 Mich 865 (1994).

We reverse. Here, viewing the facts in the light most favorable to the plaintiff, we conclude that there was no genuine issue of material fact for the jury and that summary disposition was appropriate. The plaintiff's only asserted basis for finding that the step was dangerous was that she did not see it. We hold that the plaintiff has failed to establish anything unusual about the step that would take it out of the rule of *Garrett* and *Boyle.* Because the plaintiff has not presented any facts that the step posed an *unreasonable* risk of harm, the trial court properly granted summary disposition.

Because we find that summary disposition was proper, we do not address the governmental immunity issue.

IV

### BERTRAND v ALAN FORD, INC

This premises liability action arose when the seventy-four-year-old plaintiff fell backwards off a step at the defendant's place of business in Bloomfield Hills on July 10, 1989. The plaintiff sued, alleging that the defendant breached its duty to maintain a reasonably safe premises by failing to place a guardrail along the step or to utilize a sign warning of the step down.

At the plaintiff's deposition, she testified that

she rode with her husband to the defendant's service garage to get a car serviced. She stated that she had been to this building six or eight times before. While the car was being serviced, she and her husband went into a lounge area. About half an hour later, they were told that the car was ready. Her husband went with a service representative back to the service area. The plaintiff followed. As she was exiting the door, other people were entering. The plaintiff walked through the door and was facing backward as she held the door open for the others to enter. The door opened out onto a sidewalk that was the width of the door. The sidewalk was an elevated walkway that ran along the side of the service area. On the left were vending machines. The cashier's window was on the right. The door was hinged on the right and opened out. Pictures of the area reveal that a person leaving the lounge area would have to walk through the narrow passage between the open door and the vending machines, step down off the sidewalk, walk around the door, and then step back up onto the sidewalk to reach the cashier's window. The entire length of the top edge of the sidewalk was painted bright yellow, as well as the vertical part when viewed from the service area.

The plaintiff stated:

> *Q.* Okay. Do you know what caught—as I understand it, you fell; is that right?
>
> *A.* Yes. I was holding the door open for those people to come in, and when they got in, I had to step back to let the door close to go back down the walk.
>
> *Q.* You were going to go back down the walk rather than going into the drive, is that it?
>
> *A.* Right, yes. And if the candy machine hadn't been there, I could have stepped over, but I had to step back and I fell down the step.

*Q.* Looking at [photograph] number two, I see there is a candy machine there, and if I understand your testimony, you were letting the door close and you were not able to step back, but you had to step out toward the service drive; is that it?

*A.* Yes.

*Q.* And when you stepped or when you went into the service drive, is it my understanding that you lost your balance or something or something happened to you?

*A.* Yes, I was stepping back.

*Q.* I see. You were stepping back, and as a result you stepped on the curb edge and lost your balance; is that right?

*A.* Yes.

As a result of the fall, the plaintiff broke the femur bone in her leg.

The trial court granted the defendant's motion for summary disposition on the basis of *Riddle.* The court stated:

I don't see anything hidden about this, nothing latent. How much are you going to warn them about the fact that that great big machine is there, it's not blocking anything?

The Court of Appeals peremptorily reversed, reasoning that the trial court misinterpreted *Riddle.* Unpublished order of the Court of Appeals, entered April 23, 1993 (Docket No. 158355). We granted the defendant leave to appeal. 445 Mich 862 (1994).

We affirm. As in *Maurer,* we agree with the trial court that the plaintiff did not allege a jury submissible claim for liability based on a failure to warn theory because no reasonable juror would disagree that the danger of falling was open and obvious. However, the premises still may be unreasonably dangerous, but not for want of a warning.

In contrast to *Maurer,* when we view the plaintiff's allegations in the light most favorable to her, we find a genuine issue regarding whether the construction of the step, when considered with the placement of the vending machines and the cashier's window, along with the hinging of the door, created an unreasonable risk of harm, despite the obviousness or the invitee's knowledge of the danger of falling off the step. We find one of the illustrations accompanying comment f of Restatement, § 343A apposite:

> The A Drug Store has a soda fountain on a platform raised six inches above the floor. The condition is visible and quite obvious. B, a customer, discovers the condition when she ascends the platform and sits down on a stool to buy some ice cream. When she has finished, she forgets the condition, misses her step, falls, and is injured. If it is found that this could reasonably be anticipated by A, A is subject to liability to B. [2 Restatement Torts, 2d, § 343A, comment f, illustration 3, p 221.]

Here, the plaintiff fell backward off a step after holding the door open for other customers to pass through in an area of the defendant's building where customers were expected to traverse. In the light most favorable to the plaintiff, one can reasonably argue that the defendant should have reasonably anticipated a congested pedestrian traffic pattern causing an invitee to fall off the step.

We cannot find as a matter of law that the risk of harm was reasonable. Because a genuine issue existed regarding whether the defendant breached its duty to protect the plaintiff against an *unreasonable* risk of harm, in spite of the obviousness or of the plaintiff's knowledge of the danger, sum-

mary disposition was inappropriate. Whether this risk of harm was unreasonable and whether the defendant breached a duty to exercise reasonable care by failing to remedy the danger are issues for the jury to consider.

V

In *Maurer v Oakland Co Parks & Recreation Dep't,* we reverse the Court of Appeals and reinstate the trial court's grant of summary disposition to the defendant. In *Bertrand v Alan Ford, Inc,* we affirm the decision of the Court of Appeals and remand for further proceedings. We do not retain jurisdiction.

BRICKLEY, C.J., and BOYLE, RILEY, and MALLETT, JJ., concurred with CAVANAGH, J.

WEAVER, J. (*concurring in part and dissenting in part*). I concur with the result in *Maurer v Oakland Co.* However, in *Bertrand v Alan Ford,* I do not agree that there was a genuine issue of material fact for the jury or that summary disposition was inappropriate. Cases finding that the risk of harm is unreasonable despite its obviousness or despite the invitee's awareness of the condition are rare and typically involve hazardous natural conditions such as accumulations of snow and ice or excessive mud.* The risk to the invitee in such conditions has been held to be somehow more unavoidable than other conditions, thereby creat-

---

* See, e.g., *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244; 235 NW2d 732 (1975); *Van Deusen v Fountainview Terraces,* 69 Mich App 199; 244 NW2d 411 (1976); *Perry v Hazel Park Harness Raceway,* 123 Mich App 542; 332 NW2d 601 (1983); *Bauer v Garden City,* 139 Mich App 354; 362 NW2d 280 (1984); *Lundy v Groty,* 141 Mich App 757; 367 NW2d 448 (1985); *Clink v Steiner,* 162 Mich App 551; 413 NW2d 45 (1987); *Zielinski v Szokola,* 167 Mich App 611; 423 NW2d 289 (1988).

ing an exception to the open and obvious defense. I believe that this exception, when extended to the facts in *Bertrand,* threatens to swallow the open and obvious defense and render summary disposition impossible. I would reverse the decision of the Court of Appeals and reinstate the trial court's summary disposition in *Bertrand.*

LEVIN, J. (*dissenting in* Maurer). I join in affirmance in *Bertrand.*

In *Maurer,* the majority rules that "viewing the facts in the light most favorable to the plaintiff, we conclude that there was no genuine issue of material fact for the jury and that summary disposition was appropriate."[1]

Summary disposition should not be granted if a record might be developed that "would leave open an issue on which reasonable minds might differ."[2] The majority in effect holds that no reasonable juror could find that the arrangement of steps posed an unreasonable risk of harm.

A reasonable juror, however, could find that the steps were unreasonably dangerous in the absence of a warning.[3] These were not two steps of equal size descending from the doorway. A person reaching the bottom of a stair or set of stairs might not expect to take one or two paces, and then reach another step. This concrete slab was not a landing or some similar point at which one generally expects additional stairs.

---

[1] *Ante,* p 621, citing MCR 2.116(C)(10).

[2] 7 Callaghan's Michigan Pleading & Practice (2d ed), § 43.05, p 25.

[3] The majority states that an open and obvious danger cannot give rise to liability for failure to warn. *Ante,* p 614. The comment to the Restatement of Torts states that where " 'the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger' " the duty of reasonable care " 'may require him to warn the invitee, or to take other reasonable steps to protect him . . . .' " 2 Restatement Torts, 2d, § 343A, comment f, p 220, quoted *ante,* p 611.

The walkway in *Beardsley v R J Manning Co,* 2 Mich App 172; 139 NW2d 129 (1966), was similar. A ramp ran downward for about five feet, then was interrupted by a six-inch step, then continued for another three feet, eight inches. Plaintiff was injured when she slipped and fell off the six-inch step. The Court held that there was a question for the jury concerning defendant's negligence.[4]

The majority contends that there is no issue of material fact because plaintiff's "only asserted basis for finding that the step was dangerous was that she did not see it."[5] The comments to Restatement, § 343A provide that the landowner owes a duty to take reasonable precautions to protect invitees where their attention may be distracted, or they are forgetful.[6]

A reasonable juror might find that the nature of these premises required a warning sign. Plaintiffs have demonstrated that the sun shines into the doorway at certain times of day. The change in light might make it difficult for some invitees to see the second step.[7] The location of this building in a public park at which picnics are held might also be significant. A reasonable juror might conclude that the park district should have anticipated the presence of picnickers who might fail to notice the second step.[8]

Determining whether a risk is unreasonable requires weighing the harm caused by the risk against the cost of preventing the harm. In this case, a warning sign might have prevented this harm at little cost to defendant. A reasonable

---

[4] *Id.,* p 176.

[5] *Ante,* p 621.

[6] Comments to Restatement, § 343A, p 220.

[7] I do not suggest that the record at trial would necessarily suggest a finding that this is what caused Mrs. Maurer's accident.

[8] See n 6.

juror might find that not to take such an inexpensive precaution was unreasonable.

As this Court admonished in *Durant v Stahlin:*

"Unfortunately summary judgment has been requested too often when there was a genuine issue of fact, but an impatient party or busy trial judge wanted to try it by affidavits. Any such inclination must be repudiated, for summary judgment procedure cannot impinge upon a party's right to trial of disputed factual issues by a jury or usual court procedure." [374 Mich 82, 89; 130 NW2d 910 (1964), quoting 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 359.]