# STATE OF MICHIGAN

# COURT OF APPEALS

ADAM WALLER,

        Plaintiff-Appellee,

v

DONALD FREDERICK GARVER, JR., M.D.,
METROPOLITAN ORTHOPAEDIC
ASSOCIATES, PC, and ST. JOHN HEALTH,

        Defendants,

and

ST. JOHN HOSPITAL & MEDICAL CENTER,

        Defendant-Appellant.

UNPUBLISHED
May 5, 2015

No. 319611
Wayne Circuit Court
LC No. 12-010826-NH

Before: TALBOT, C.J., and MURPHY and GLEICHER, JJ.

PER CURIAM.

Defendant St. John Hospital & Medical Center (the hospital) appeals by leave granted an order that summarily dismissed a separate defendant, St. John Health, but which denied the hospital's motion for summary disposition. We reverse and remand for entry of judgment in favor of the hospital.

The hospital argues that the trial court erred in denying its motion for summary disposition, given that there existed no genuine issue of material fact that defendant Dr. Garver, who plaintiff alleged committed medical malpractice, did not have an agency relationship with the hospital, ostensible or otherwise, such that the hospital could be held vicariously liable for Dr. Garver's malpractice. We agree.

On appeal, a trial court's decision on a motion for summary disposition is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). This Court reviews a "motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton*

-1-

*Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). Review is limited to the evidence presented to the lower court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009). The trial court is not allowed to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not proper to grant a motion for summary disposition under MCR 2.116(C)(10). *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). " 'Summary disposition under MCR 2.116(C)(10) is appropriately granted if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.' " *Greene v A P Products, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (citation omitted). A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds could differ. *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013).

In *Grewe v Mount Clemens Gen Hosp*, 404 Mich 240, 250-251; 273 NW2d 429 (1978), the Michigan Supreme Court stated:

> Generally speaking, a hospital is not vicariously liable for the negligence of a physician who is an independent contractor and merely uses the hospital's facilities to render treatment to his patients. However, if the individual looked to the hospital to provide him with medical treatment and there has been a representation by the hospital that medical treatment would be afforded by physicians working therein, an agency by estoppel can be found.
>
> In our view, the critical question is whether the plaintiff, at the time of his admission to the hospital, was looking to the hospital for treatment of his physical ailments or merely viewed the hospital as the situs where his physician would treat him for his problems. [Citations omitted.]

In *Chapa v St Mary's Hosp of Saginaw*, 192 Mich App 29, 33-34; 480 NW2d 590 (1991), this Court construed, clarified, and elaborated on the *Grewe* opinion, stating:

> The essence of *Grewe* is that a hospital may be vicariously liable for the malpractice of actual or apparent agents.[1] Nothing in *Grewe* indicates that a hospital is liable for the malpractice of independent contractors merely because the patient "looked to" the hospital at the time of admission or even was treated briefly by an actual nonnegligent agent of the hospital. Such a holding would not only be illogical, but also would not comport with fundamental agency principles noted in *Grewe* and subsequent cases. Those principles have been distilled into the following three elements that are necessary to establish the creation of an ostensible agency: (1) the person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one, (2) the belief must be generated by some act or neglect on the part of the principal sought to be charged, and (3) the person relying on the agent's authority must not be guilty of negligence. [Citations omitted.]

---

[1] There is no dispute here that Dr. Garver was not an *actual* agent of the hospital.

Stated differently, in order to prove an ostensible agency, " '[t]here must be some action or representation by the principal (hospital) to lead the third person (plaintiff) to reasonably believe an agency in fact existed.' " *VanStelle v Macaskill*, 255 Mich App 1, 11; 662 NW2d 41 (2003), quoting *Sasseen v Community Hosp Foundation*, 159 Mich App 231, 240; 406 NW2d 193 (1986). "[T]he fact that a doctor used a hospital's facilities to treat a patient is not sufficient to give the patient a reasonable belief that the doctor was an agent of the hospital." *VanStelle*, 255 Mich App at 11, citing *Heins v Synkonis*, 58 Mich App 119, 124; 227 NW2d 247 (1975).

Plaintiff contends that the fact that the hospital's referral system provided Dr. Garver's name to plaintiff as a potential doctor is sufficient to establish an ostensible agency or at least a question of fact on the issue. We disagree. In *VanStelle*, 255 Mich App at 4-5, a case involving an alleged ostensible agency arising out of referral statements, the panel recited the facts of the case:

> The basic factual background underlying plaintiffs' malpractice claims is largely undisputed. On January 23, 1998, plaintiff Virginia VanStelle took plaintiff Robert P. VanStelle to the emergency room at defendant Bon Secours Hospital, where he was treated by defendant Dr. Douglas Macaskill, D.O., for weakness in his arm and leg. On the hospital discharge papers, plaintiffs were referred to defendant Dr. Tha "Thomas" U, a neurologist, for further evaluation. The referral listed Dr. U's practice on Eight Mile Road in St. Clair Shores. Dr. U is an employee of defendant Michigan Neurology Associates, P.C. (MNA), and has staff privileges at several area hospitals, including defendant St. John Hospital and St. John Riverview Hospital.

> Plaintiff Virginia VanStelle testified during her deposition that before she telephoned Dr. U's office to schedule an appointment, she called the referral center at St. John Hospital to verify that Dr. U was a "St. John doctor." Mrs. VanStelle testified that she wanted to ensure that Dr. U was a "St. John doctor" because, in her opinion, the doctors at Bon Secours Hospital and St. John Hospital were the "top doctors." According to Mrs. VanStelle, when she telephoned the referral center, she was told that Dr. U was "absolutely" "at St. John." She was also given another address for Dr. U at the Riverview offices. Mrs. VanStelle then telephoned Dr. U's office to schedule an appointment; however, the earliest appointment she could schedule with Dr. U was at his office in the Riverview Medical Offices located on East Jefferson in Detroit.

> Plaintiffs went to see Dr. U at his office in the Riverview Medical Offices on January 30, 1998. After examining Mr. VanStelle, Dr. U diagnosed that Mr. VanStelle "most likely" had a small vessel lacunas stroke and a hypertension problem. Dr. U indicated in his report that he asked Mr. VanStelle to return in two or three weeks and that he would obtain an echocardiogram to evaluate the left ventricular function. Attached to the prescription given to plaintiffs was Dr. U's card, which listed "St. John Health System" and "Riverview Medical Offices" at the top.

Before additional testing could be performed, Mr. VanStelle suffered a stroke "resulting in left-side hemiparesis and loss of vision in his left eye." In May 1999, plaintiffs filed a complaint against the various defendants alleging two distinct acts of medical malpractice: one that occurred at Bon Secours Hospital and one that occurred at the office where Dr. U performed his examination. The complaint alleged in part that Dr. U "is an agent, whether real or ostensible, servant and/or employee of Defendants, Michigan Neurology Associates, P.C.; St. John's Hospital and Medical Center, a Michigan corporation; St. John Health Systems; and St. John Health Systems Detroit Medical Campus, d/b/a St. John Riverview Hospital and Riverview Medical Offices, affiliated with Detroit Riverview Hospital."

This Court held, as a matter of law, that no ostensible agency relationship existed between Dr. U and the Riverview defendants or between Dr. U and the St. John defendants, rejecting any reliance on the referrals, where Mrs. VanStelle, while "told that Dr. U was a St. John doctor," was not told "that he was a staff doctor," and where Mrs. VanStelle "was merely informed . . . that Dr. U worked out of St. John." *Id.* at 14, 17. While we question the soundness of *VanStelle*, as it is certainly arguable that a genuine issue of material fact arose based on the nature of the claimed referral statements, *VanStelle* is binding, MCR 7.215(J)(1), and the facts here are not nearly as compelling as those in *VanStelle* in favor of an ostensible agency.

In the instant case, plaintiff, who was an employee of the hospital and covered by its employee health insurance plan, called the referral system at the hospital because "that's where [his] benefits were." The referral center provided plaintiff with Garver's name and the name of his practice, defendant Metropolitan Orthopaedic Associates, PC (Metropolitan). In his deposition, plaintiff did not testify to any additional details regarding the referral. Similar to *VanStelle*, there was no evidence that plaintiff was told by the referral system that Dr. Garver, an outside doctor, was a staff doctor for the hospital. Moreover, there was no evidence that plaintiff was told that Dr. Garver "was a hospital doctor," which under *VanStelle* would still be insufficient to create a factual issue on ostensible agency even had those words been expressed. Further, the fact that Dr. Garver performed the knee surgery at issue in the hospital was not sufficient, in and of itself, to establish a reasonable belief that Dr. Garver was an agent of the hospital. *VanStelle*, 255 Mich App at 11. Additionally, any belief by plaintiff that an agency relationship existed between Dr. Garver and the hospital would have been unreasonable because, on February 4, 2009, and on February 27, 2010, plaintiff signed a consent form that provided:

> I understand that my (the patient's) care is directed by my (the patient's) physicians, and that facility personnel render care and services to me (the patient) according to the physicians' instructions; and that some of the physicians who manage the care are *independent physicians and not agents, representatives, or employees of the facility*. [Emphasis added.]

Also, the fact that plaintiff was a hospital employee and supposedly directed by the hospital to treat with Dr. Garver did not mean that the hospital was somehow representing or indicating that Dr. Garver was its agent. Under the language in *Grewe*, it cannot even be said that plaintiff was looking to the hospital for treatment; rather, plaintiff was looking to Dr. Garver and Metropolitan for his treatment, and the hospital was merely the situs for the treatment. In

sum, there was inadequate evidence of any action or representation by the hospital that would have reasonably led plaintiff to believe that Dr. Garver was an agent of the hospital. Therefore, there is no genuine issue of material fact regarding the nonexistence of an ostensible agency. Accordingly, the trial court erred in denying summary disposition in favor of the hospital.

Reversed and remanded for entry of judgment in favor of the hospital. We do not retain jurisdiction. Having fully prevailed on appeal, the hospital is awarded taxable costs under MCR 7.219.

/s/ Michael J. Talbot
/s/ William B. Murphy
/s/ Elizabeth L. Gleicher