WEAVER, J.
{concurring in part and dissenting in part). I concur in the result only with the majority’s decision to vacate the jury verdict for plaintiff.
*344 I agree that, under the specific facts of this case, the licensee’s knowledge of plaintiffs intoxication is irrelevant with regard to whether the bar breached its common-law duty of care to plaintiff. However, I dissent from the majority’s extension of the “special aspect test” from Lugo v Ameritech Corp, Inc, 464 Mich 512; 629 NW2d 384 (2001), to cases such as this one involving the natural accumulation of snow and ice.[1] The majority decision will create confusion regarding every citizen’s duty regarding accumulations of snow and ice.
Without explanation, the majority changes the law regarding the duty of premises possessors to invitees with respect to accumulations of snow and ice. Almost thirty years ago, this Court in Quinlivan v The Great Atlantic & Pacific Tea Co, Inc, 395 Mich 244, 260-261; 235 NW2d 732 (1975), recognized that although snow and ice accumulations are obvious, the “rigorous duty” owed by invitors to protect invitees from unreasonable harm justified the imposition of a uniform duty on invitors regarding accumulations of snow and ice. Quin-livan, therefore, held that premises possessors owed a duty to invitees to take “reasonable measures. . . within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee.” Id.
However, in this case the majority holds:
[W]hen such an accumulation is “open and obvious,” a premises possessor must “take reasonable measures within *345 a reasonable period of time after the accumulation of snow and ice to diminish the hazard of injury to [plaintiff]” only if there is some “special aspect” that makes such accumulation “unreasonably dangerous.” [Ante at 332.]
With this, the majority overrules Quinlivan. The majority says that it is “unprepared to hold that, absent any special aspects, and absent consideration of the open and obvious nature of a hazard, a homeowner or other premises possessor owes an absolute duty to an invitee to diminish the hazards attendant to the accumulation of ice and snow.” Ante at 333 n 13.
While Quinlivan clarified a premises possessor’s duty regarding all snow and ice accumulations, the majority confuses this area of premises liability law by holding that some kinds of snow and ice are more dangerous than others. Now, in cases involving snow and ice, it must first be established that the accumulation was open and obvious. Most such accumulations will, by the very nature of an accumulation, be open and obvious.[2] Thus, most snow and ice cases will then be subjected to Lugo’s special aspect test. Now, unless there are “special aspects” to an accumulation of snow and ice creating a risk of “severe harm,” a premises possessor owes no duty to take reasonable measures within a reasonable time to protect invitees from the danger. One can readily anticipate nuanced debate and inconsistent conclusions regarding whether an accumulation of snow was heavy or light, wet or dry, hard-packed or fluffy, etc. and just how those varied conditions affected the unreasonableness or severity of harm posed by a given accumulation.
*346 In Michigan, where accumulations of snow and ice abound, every citizen’s duty with respect to all accumulations of snow and ice should be unambiguous. Changes by this Court regarding that duty should be well-reasoned and obvious. Lugo did not involve an accumulation of snow and ice.[3] The majority should not extend Lugo’s “special aspect” test to this context and should not overrule Quinlivctn and leave to the fact-finder the confusing task of distinguishing between differing types of snow and ice accumulations.[4]
Therefore, I dissent from the majority extending the Lugo “special aspects” test to accumulations of snow and ice. I concur only in the decision of the majority in vacating the jury verdict for plaintiff because, under the facts of this case, the licensee’s knowledge of plaintiffs intoxication is irrelevant to whether the bar breached its common-law duty of care to plaintiff.

 In Bertrand v Alan Ford, Inc, 449 Mich 606; 537 NW2d 185 (1995), a majority articulated a “special aspect” test for evaluating whether a danger was unreasonably dangerous so as to avoid the application of the open and obvious danger doctrine. In Lugo v Ameritech Corp, Inc, 464 Mich 512; 629 NW2d 384 (2001), a majority transformed the “special aspect” test by introducing a new standard that focuses on the severity of possible harm to define what “special aspects” might create an unreasonable risk of harm.

 Because the majority fails to explain the nature of a premises possessor’s duty regarding accumulations of snow and ice that are not open and obvious, we must await the inevitable black ice case to fully understand and assess the majority’s decision to overrule Quinlivan.

 The majority incorrectly suggests that my position in this case is inconsistent with my position in Lugo. In Lugo at 546 (Weaver, J., concurring), I said that the Lugo majority was wrong to change the law and should have remained true to well-established articulations of the open and obvious doctrine. Today, I again reject the majority’s decision to change the law, this time regarding accumulations of snow and ice, because I would affirm Quinlivan’s articulation of duty in snow and ice cases. As I explained in Bertrand, supra at 625 (Weaver, J., concurring and dissenting), under Quinlivan, snow and ice accumulation cases were essentially exceptions to the open and obvious doctrine. I would continue to distinguish snow and ice cases from other premises defects and encourage the majority to stop destabilizing the law of premises liability.

 Because I continue to disagree with the evolution of the “special aspects” test, I would not amend M Civ JI 19.03 to incorporate it. See Bertrand, supra at 625-626 (Weaver J., concurring and dissenting), and Lugo, supra at 544 (Weaver J., concurring). Similarly, for the reasons stated above, I would not amend M Civ JI 19.05 regarding the duty of premises possessors to take reasonable measures within a reasonable time regarding accumulations of snow and ice.