# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 8, 2017

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

153701

JOYANNA LYMON,
      Plaintiff-Appellee,

v

                                         SC: 153701
                                         COA: 323926

KAREN FREEDLAND, JIM FREEDLAND,
and KAREN FREEDLAND TRUST,
      Defendants-Appellants.
                                         Washtenaw CC: 13-000446-NZ

_____/

By order of November 30, 2016, the application for leave to appeal the March 29, 2016 judgment of the Court of Appeals was held in abeyance pending the decision in *Fowler v Menard, Inc* (Docket No. 152519). On order of the Court, leave to appeal having been denied in *Fowler* on June 30, 2017, 500 Mich 862 (2017), the application is again considered, and it is DENIED, there being no majority in favor of granting leave to appeal or taking other action.

MARKMAN, C.J., (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal. I would grant leave to consider whether the hazard here was "effectively unavoidable" and to provide greater clarity concerning the circumstances in which an "open and obvious" condition contains a "special aspect."

Plaintiff Joyanna Lymon worked as a nursing aide for an elderly woman who required around-the-clock home care. On January 4, 2013, plaintiff walked up the steep and icy driveway to reach the home. Unfortunately, she fell and suffered a fractured leg. Four other people who had approached the home at around the same time successfully traversed the snow-covered grass to the left of the driveway leading to the front door, although they acknowledged that there was a large bush on the grass that partially obstructed that path and that one would eventually need to walk on the uppermost part of the driveway to reach the door. Plaintiff sued the homeowners, alleging that they negligently maintained the driveway, and defendants moved for summary disposition on the grounds that the danger was "open and obvious" and therefore that they had no duty to protect against that danger. The trial court denied defendants' motion and the Court of Appeals affirmed. *Lymon v Freedland*, 314 Mich App 746, 749 (2016).

A premises owner generally owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609 (1995). This duty does not extend to hazards that are "open and obvious." *Id*. at 610-612. If, however, despite its openness and obviousness, the risk involves some "special aspect" of dangerousness, the premises owner is required to undertake reasonable precautions. *Id*. at 614. This Court has specifically recognized that a special aspect of an open and obvious condition that renders it effectively unavoidable may give rise to liability. *Lugo v Ameritech Corp*, 464 Mich 512, 518 (2001). "[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Hoffner v Lanctoe*, 492 Mich 450, 469 (2012) (emphasis omitted).

First, I am not yet persuaded that the "hazard" here-- defendants' steep and icy driveway-- was effectively unavoidable. Even assuming that plaintiff could not have avoided approaching the home because she needed to care for her patient,[1] plaintiff could have approached the home by walking up the snow-covered grass to the left of the driveway. Although there was a bush that obstructed part of this route, a mere inconvenience is not the equivalent of something being "effectively unavoidable." *Id.* Additionally, while there was snow on the grass, I question whether snow-covered grass can reasonably be considered a "hazard" that is the equivalent of walking on ice.[2] Finally, even though one would have to walk on the uppermost part of the driveway to reach the door, it appears undisputed that this part of the driveway was flat and not nearly as icy as the lower part of the driveway. Accordingly, I would grant leave to consider whether defendants' steep and icy driveway was truly an "effectively unavoidable" condition or whether the term is effectively being redefined.

---

[1] But see *Hoffner*, 492 Mich at 470-471 ("Michigan caselaw does not support providing special protection to those invitees who have paid memberships or another existing relationship to the businesses or institutions that they frequent above and beyond that owed to any other type of invitee. Neither possessing a right to use services, nor an invitee's subjective need or desire to use services, heightens a landowner's duties to remove or warn of hazards or affects an invitee's choice whether to confront an obvious hazard. To conclude otherwise would impermissibly shift the focus from an objective examination of the *premises* to an examination of the subjective beliefs of the *invitee.*").

[2] That four other people safely approached the home by walking up the snow-covered grass arguably suggests that this route was less hazardous than walking up the driveway and that it constituted a reasonable alternative path to the front door.

        Second, I would grant leave to clarify the proper analysis for determining under what circumstances an open and obvious condition contains a "special aspect." In *Hoffner*, this Court described situations "in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Id.* at 463. The Court of Appeals-- not altogether unreasonably-- interpreted this language to mean that there is a special aspect if a condition is *either* unreasonably dangerous or effectively unavoidable. *Lymon*, 314 Mich App at 758-759. However, I believe that a fuller reading of *Hoffner* and this Court's previous decisions discussing "special aspects" may reveal a more nuanced view.

        "The touchstone of the 'special aspects' analysis is that the condition must be characterized by its *unreasonable risk of harm*." *Hoffner*, 492 Mich at 455; see also *Lugo*, 464 Mich at 517 ("[T]he critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly 'special aspects' of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm[.]"); *Bertrand*, 449 Mich at 611 ("[I]f the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions.") "An 'unreasonably dangerous' hazard must be just that—not just a dangerous hazard, but one that is unreasonably so." *Hoffner*, 492 Mich at 455-456. This Court has further recognized that "an open and obvious condition might be unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm," i.e., the condition creates "a substantial risk of death or severe injury . . . ." *Lugo*, 464 Mich at 518. In this latter regard, we used as an example "an unguarded thirty foot deep pit in the middle of a parking lot." *Id.* A hazard that creates a substantial risk of death or severe injury appears to be, ipso facto, a condition that is unreasonably dangerous, even if the hazard is not effectively unavoidable. This conclusion makes sense, as such a condition is unreasonably dangerous in that the potential *severity* of the injury that the condition could cause is fairly understood as unreasonable.

        By contrast, if a condition is "effectively unavoidable," it may yet be unreasonably dangerous because of the *likelihood* that an injury will occur. However, it is certainly indisputable that not every effectively unavoidable condition also creates an unreasonable risk of harm. For example, this Court has embraced the general rule that "steps and differing floor levels [are] not ordinarily actionable unless unique circumstances surrounding the area in issue made the situation unreasonably dangerous." *Bertrand*, 449 Mich at 614 (emphasis omitted). It seems unlikely that an otherwise reasonably constructed step that is effectively unavoidable contains a "special aspect" because-- unlike the standing water covering the only exit to a retail store that this Court in *Lugo* said "might" constitute a special aspect-- "steps are the type of everyday occurrence that people encounter, [and] under most circumstances, a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own

safety." *Id.* at 616. In other words, in contrast to a condition that creates a substantial risk of death or severe bodily harm, a condition that is effectively unavoidable *may* constitute an unreasonably dangerous condition, but this would not seem to be so in every case.

That is, when read together, our decisions appear to indicate that the *central inquiry* is whether an open and obvious condition gives rise to an unreasonable risk of harm despite its open and obvious nature and that a hazard may pose an unreasonable risk of harm if: (1) the condition creates a substantial risk of death or severe injury, or (2) the condition is effectively unavoidable. While the first category would seem almost necessarily to give rise to an unreasonable risk of harm-- as any potential injury caused by the condition would likely be severe-- a condition fitting within the second category would not seem necessarily to have the same impact. I would grant leave to consider this issue further and more generally to provide greater guidance to the bench and bar in assessing premises-liability claims of the present sort.

CLEMENT, J., did not participate.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 8, 2017



Clerk

a1205