*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERICA DEAS,

        Plaintiff-Appellee,

v

HARTMAN AND TYNER, INC.,
doing business as POINTE O'WOODS
APARTMENTS,

        Defendant-Appellant.

UNPUBLISHED
April 25, 2019

No. 340068
Oakland Circuit Court
LC No. 2016-155557-NO

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

GLEICHER, J. (concurring in part and dissenting in part).

I concur with the majority's decision to affirm the trial court's grant of summary disposition in this premises liability case because I am compelled to do so by our Supreme Court's opinion in *Hoffner v Lanctoe*, 492 Mich 450; 821 NW2d 88 (2012). I write separately to briefly describe the deficiencies in the doctrinal approach to premises liability law manifest in *Hoffner* and predecessor cases, and exemplified by this case.

Plaintiff Erica Deas slipped and fell on snow-covered ice that had accumulated under her carport. Deas knew the snow and ice were there; they were obvious. Deas claims that the defendant should have eliminated the snow and ice because the condition was dangerous, present for several days, and imperiled her ability to safely enter and exit her vehicle.

Because this theory does not hinge on defendant's failure to warn, the majority's discourse on the open-and-obvious doctrine is misplaced. Here, Deas contends that the landowner failed to exercise reasonable care to protect her from the danger, notwithstanding her awareness of it. Rather than analyzing the danger using open-and-obvious principles, the proper legal question is: should the landowner have reasonably anticipated that Deas would suffer an injury *despite* the condition's obviousness?

The majority's perception that the open-and-obvious-danger doctrine bears relevance is understandable, as Michigan's common law conflates a landowner's duty with the landowner's defenses. A finding that a danger is "open and obvious" eliminates the landowner's duty to warn

or otherwise protect against the danger, thereby serving to immunize the landowner for any negligence in maintaining the premises. See *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516-517; 629 NW2d 384 (2001). In Michigan, the open-and-obvious-danger doctrine corresponds to contributory negligence. It focuses only on the *plaintiff's* failure to conform to an objective standard of care and bars recovery even when the defendant could and should have eliminated a hazard. Our common law transforms even unreasonable dangers created or tolerated by a landowner into risks that must be born only by the plaintiff. In other words, the plaintiff's failure to exercise reasonable care entirely negates the defendant's duty of care.

In all other negligence cases, a system of comparative fault dictates that a plaintiff's negligence must be weighed against a defendant's, and fault apportioned accordingly. The Supreme Court justified replacing contributory negligence with comparative fault in *Kirby v Larson*, 400 Mich 585, 620-622; 256 NW2d 400 (1977) (cleaned up), explaining that contributory negligence had outlived its usefulness ("The policy . . . was designed to protect infant industries from oversympathetic juries who regarded these corporation defendants as intruders, as well as immensely rich"), that contributory negligence worked an inequity because "it fails to distribute responsibility in proportion to fault," and that the doctrine "visits the entire loss caused by the fault of two parties on one of them alone, and that one the injured plaintiff, least able to bear it, and quite possibly much less at fault than the defendant who goes scot free. No one ever has succeeded in justifying that as a policy, and no one ever will." The Legislature subsequently codified comparative negligence by enacting MCL 600.2957(1), which provides that in tort cases, "the liability of each person shall be allocated . . . by the trier of fact and, subject to [MCL 600.6304], in direct proportion to the person's percentage of fault."

Michigan's approach to premises liability law reinvigorates contributory negligence and ignores both the common law and the statutory comparative negligence frameworks. An open-and-obvious danger not only eliminates the duty to warn, but sweeps away any duty to protect an invitee from dangerous conditions on the premises. Except in the rarest of circumstances, only the injured plaintiff bears any responsibility to avoid the consequences of an obvious hazard.

With the landowner's duty to protect an invitee against known or obvious dangers written out of our common law, this Court has approached every premises liability case as presenting one issue: whether the danger was open and obvious. If a danger is "open and obvious," our common law instructs, the landowner has no duty, even when the theory of liability (as here) centers on the landowner's failure to diminish a hazard rather than to warn of its presence. This is not what the Restatements of Torts teach. Indeed, the Restatement Torts, 3d clarifies that a landowner has a duty of reasonable care whenever "artificial" or "natural conditions on the land . . . pose risks" to those who enter the land. 2 Restatement Torts, 3d, § 51(b)-(c), p 242. The duty does not evaporate when a danger is open and obvious:

> The duty imposed in this Section, as amplified in this Comment, is consistent with § 343A, although it is extended beyond the invitees covered in § 343A to all entrants on the land. . . . Known or obvious dangers pose less of a risk than comparable latent dangers because those exposed can take precautions to protect themselves. Nevertheless, despite the opportunity of entrants to avoid an open and obvious risk, in some circumstances a residual risk will remain. Land

2

possessors have a duty of reasonable care with regard to those residual risks. [2 Restatement Torts, 3d, § 51, comment *k*, p 251.]

Under the Second and Third Restatements, a landowner is not excused from remedying a known or obvious danger. Rather, the obviousness of a danger "bears on the assessment of whether reasonable care was employed, but it does not pretermit the land possessor's liability." *Id*. In other words, an obvious danger does not mean that the landowner must prevail. Rather, the legal questions become (1) whether the landowner should have remediated the danger despite its obviousness, and (2) whether the invitee failed to use reasonable care in the face of the obvious danger. Under this approach, the defendant's duty is separate and distinct from the plaintiff's.[1]

Michigan's blurring of two distinct duty analyses began with *Lugo*. Before *Lugo*, the Supreme Court expressly adopted the principles embodied in 2 Restatement, Torts, 2d, §§ 343 and 343A. See *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 94-95; 485 NW2d 676 (1992); *Bertrand v Alan Ford*, 449 Mich 606, 610-612; 537 NW2d 185 (1995). In *Lugo*, 464 Mich at 524, the Supreme Court purported to apply the legal principles articulated in 2 Restatement Torts, 2d, §§ 343 and 343A. Unfortunately, the Court merely professed to follow the Restatement. Instead, *Lugo* forged a new path by eliminating a landowner's duty "to protect an invitee from open and obvious dangers" unless "special aspects of a condition make even an open and obvious risk unreasonably dangerous[.]" *Lugo*, 464 Mich at 517. This rule is inconsistent with the pertinent sections of 2 Restatement Torts, 2d, §§ 343, 343A, pp 215-216, 218, which provide:

> § 343. Dangerous Conditions Known to or Discoverable by Possessor
>
> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

---

[1] An earlier draft of 2 Restatement Torts, 3d, § 51, comment k (2010), put it this way:

> The rule that a land possessor was not subject to liability for any open and obvious danger is much easier to justify in an era when contributory negligence constituted a complete bar to recovery. An entrant who fails to take self-protective measures may be contributorily negligent and, if so, that would avoid any liability by the possessor. However, such a rule cannot be justified after contributory negligence becomes a comparative defense.

§ 343A.  Known or Obvious Dangers

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

Notably, the term for the defense to liability used by Restatement Torts, 2d was "*known* or obvious dangers," not "*open* and obvious dangers."  In addition to changing the name of the doctrine, the Michigan Supreme Court fundamentally altered its character.  Restatement Torts, 2d proposed that a landowner should not bear liability for injuries caused by dangerous conditions on the land that were known to an invitee "unless the possessor should anticipate the harm despite such knowledge or obviousness."  2 Restatement Torts, 2d, § 343A(1), p 218.  The Supreme Court limited this duty to situations presenting "special aspects," a term of the Court's own creation, which it defined narrowly to include only "effectively unavoidable" risks and severe dangers such as "an unguarded thirty foot deep pit in the middle of a parking lot." *Lugo*, 464 Mich at 518.  The Court further extinguished a landowner's liability with this admonition: "In sum, only those special aspects that give rise to *a uniquely high likelihood of harm or severity of harm* if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Id*. at 518-519 (emphasis added).  As the subsequent caselaw has proven, such circumstances are virtually nonexistent.

*Hoffner* further distances our premises liability law from the Restatement.  In *Hoffner*, 492 Mich at 473, the Court held that to establish a "special aspect" and an "effectively unavoidable" danger, the plaintiff must have been "compelled by extenuating circumstances with no choice but to traverse a previously unknown risk."  *Hoffner*'s "special aspects" and "effectively unavoidable" formulations do not derive from the Restatement.  To the contrary, they cancel the duty set forth in 2 Restatement Torts, 2d, § 343A(1), and its relevant commentary.  As Justice Michael Cavanaugh pointed out in his dissent, by vitalizing a new version of contributory negligence, *Hoffner*'s rule continues the progression of our premises liability law away from comparative fault and the Restatement and toward blanket immunity. Hoffner, 492 Mich at 487-488 (CAVANAGH, J., dissenting).

Were it not for *Hoffner* I would hold that Deas has created a jury question regarding whether defendant breached its obligation to maintain the premises in a reasonably safe condition.  Defendant knew or should have known that the area under the carport was icy and snowy.  Defendant knew or should have known that Deas was entitled to park there.  Whether

Deas should have parked elsewhere depends on how the factfinder weighs each party's culpability for the accident. Under a comparative-negligence regime, as modified by Michigan's

statutory law, whether Deas should have behaved differently is merely one element of a larger factual picture. Under the Restatement and MCL 600.2957(1), it should be for a jury to decide how to apportion fault for Deas's fall.

/s/ Elizabeth L. Gleicher