*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN T. COURTRIGHT,

      Plaintiff-Appellant,

UNPUBLISHED
September 3, 2020

v

No. 350773
Oakland Circuit Court
LC No. 2018-168464-NO

INDIANWOOD GOLF & COUNTRY CLUB, INC.,

      Defendant-Appellee.

Before: GLEICHER, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Plaintiff suffered a serious injury when he fell out of his motorized wheelchair at a wedding reception on defendant's premises. The accident occurred as plaintiff's wheelchair negotiated a small step leading down from the dance floor to an outdoor patio. Plaintiff fell forward from his chair, striking his face on the patio's surface. Defendant successfully sought summary disposition on the ground that the step was open and obvious. We affirm for a different reason: plaintiff failed to present any evidence that the step constituted a dangerous condition or presented an unreasonable risk of injury.

I

At approximately 11 p.m., plaintiff danced with his cousins while seated in his wheelchair. After a song ended, he joined a group of people who were walking from the dance floor out to the patio through a large open doorway. Plaintiff had been on the patio earlier, in daylight; at that time, however, he accessed the patio through a different door equipped with a ramp. Plaintiff did not realize that at the doorway he used in the evening, a small step led down from the dance floor to the patio. He testified that the lighting conditions made it impossible for him to appreciate the height discrepancy between the dance floor and the patio.

As plaintiff's wheelchair went over the step, plaintiff slid forward out of his seat and onto the ground. He suffered a laceration to his forehead and a fractured femur. His complaint alleges that defendant negligently failed to protect him from and warn him about the "unreasonable risk of harm caused by dangerous conditions present upon" the premises. He additionally averred that the step violated two building codes.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10) on the ground that the allegedly dangerous condition was open and obvious. The trial court agreed and granted summary disposition on that ground. This appeal ensued.

II

We review de novo a trial court's decision regarding a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) tests whether a claim is factually sufficient. *Id*. at 160.

> When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*Id*. (quotation marks and citations omitted).]

A plaintiff prosecuting a premises liability case must establish the elements of any negligence claim, including that the defendant owed a duty to the plaintiff and that the defendant breached that duty. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). Generally, a landowner owes a duty to exercise reasonable care to protect an invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Id*. But "[a] possessor of land is not an absolute insurer of the safety of an invitee." *Id*. (quotation marks and citation omitted).

As a general rule, steps and differing floor levels are not "ordinarily actionable *unless* unique circumstances surrounding the area in issue" make the situation unreasonably dangerous. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 614; 537 NW2d 185 (1995) (emphasis in original). The Supreme Court explained in *Bertrand* that "steps are the type of everyday occurrence that people encounter," and that most of the time, "a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own safety." *Id*. at 616. Possessors of land are under no affirmative obligation "to make ordinary steps 'foolproof.' Therefore, the risk of harm is not unreasonable." *Id*. at 616-617. But if the steps are unusual "because of their 'character, location, or surrounding conditions,' " a duty of reasonable care emerges. *Id*. at 617. "If the proofs create a question of fact that the risk of harm was unreasonable, the existence of duty as well as breach become questions for the jury to decide." *Id*.

Plaintiff failed to present any substantively admissible evidence substantiating that the step was unusual or that it presented an unreasonably dangerous condition.

When opposing a motion for summary disposition under MCR 2.116(C)(10), "an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). Only "the substantively admissible evidence actually proffered in opposition to the motion" may be considered. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999); MCR 2.116(G)(6). This requirement means that "only evidence

whose content or substance is admissible can" be considered in reviewing a motion for summary disposition under subrule (C)(10). *Maiden*, 461 Mich at 123.

The single step at issue is an ordinary, everyday step. Plaintiff asserts that the darkness of the evening rendered the step difficult to discern. Defendant submitted evidence that the doorway to the patio was illuminated by six 25-watt bulbs, and that the patio itself was lit by three 25-watt bulbs. Plaintiff did not provide any contrary evidence. Thus, this case is readily distinguishable from *Blackwell v Franchi*, 318 Mich App 573; 899 NW2d 415 (2017), in which we held that an eight-inch drop into an unlit interior room potentially constituted an unreasonably dangerous condition. The step at issue here was of normal height and was not shrouded in darkness.

Plaintiff further alleges that the step failed to meet various building code provisions, but in support of this allegation and in opposition to summary disposition he submitted only an unsigned report from a purported expert. Because the report was not in a substantively admissible form, we cannot consider it.

The expert's letter was neither signed nor notarized. Plaintiff offers no argument and cites no authority supporting that a letter in such form may be considered as substantively admissible evidence in opposition to a motion for summary disposition. We have held that "an unsworn, unsigned affidavit may not be considered by the trial court on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013). An unsigned, unsworn report is a step beyond that—and one we will not cross to save plaintiff's case.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan