*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANET VROMAN,

UNPUBLICATION
July 11, 2025
1:30 PM

Plaintiff-Appellant,

v

No. 371036
Oakland Circuit Court
LC No. 20-179357-NO

THE DESSERT OASIS, LLC,

Defendant-Appellee.

Before: MALDONADO, P.J., and BOONSTRA and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition. We reverse and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This Court set forth the facts underlying this case in its previous opinion in *Vroman v Dessert Oasis, LLC*, unpublished per curiam opinion of the Court of Appeals, issued June 9, 2022 (Docket No. 357179) (*Vroman I*), pp 1-2:

> In December 2017, plaintiff visited defendant's coffee shop during a nighttime holiday event in downtown Rochester, Michigan. As plaintiff attempted to walk from the sidewalk into defendant's store, she tripped and fell on a three-inch step that separated the sidewalk from a red-tiled piazza at the front of defendant's shop. Plaintiff allegedly suffered various injuries.
>
> Plaintiff filed suit, alleging that defendant was responsible for the entry's dangerous condition and was liable for her injuries. Plaintiff asserted two separate claims against defendant: one for premises liability and one for general negligence. Under the premises liability claim, plaintiff asserted that the step was not observable because there was no paint or other warning to indicate the existence of the elevated surface upon entering the shop. According to plaintiff, this hidden danger caused her fall.

Following discovery, defendant moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact), arguing in relevant part that plaintiff's premises liability claim should be dismissed because the allegedly hazardous condition was open and obvious and lacking any special aspects. Plaintiff opposed the motion, arguing that inadequate lighting precluded application of the doctrine and that the step was not an open and obvious danger because it was undetectable upon casual inspection.

After hearing oral argument, the trial court entered an order granting defendant's motion for summary disposition and dismissing plaintiff's complaint with prejudice. [Footnote omitted.]

This Court affirmed the trial court's grant of summary disposition, agreeing with the trial court that the condition at issue was open and obvious. *Id.* Later, our Supreme Court issued *Kandil-Elsayed v F& E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023). The Supreme Court subsequently vacated our opinion in *Vroman I* and remanded the case to this Court for reconsideration in light of *Kandil-Elsayed*.[1] See *Vroman v The Dessert Oasis, LLC*, 513 Mich 917; 997 NW2d 179 (2023) (*Vroman II*). On remand, this Court held that the legal basis for the trial court's grant of summary disposition was no longer tenable under *Kandil-Elsayed*, and that further factual development was required for appellate review. *Vroman v Dessert Oasis, LLC*, unpublished opinion per curiam of the Court of Appeals, issued March 7, 2024 (Docket No. 357179) (*Vroman III*), p 2. This Court accordingly vacated the trial court's order granting defendant's motion for summary disposition and remanded for "further factual development," stating in relevant part that "should the trial court conclude the premises liability elements are otherwise satisfied, then it may consider the open and obvious nature of the defect in relation to plaintiff's comparative fault." *Id.* at 3.

After this Court remanded the case to the trial court, defendant filed a second motion for summary disposition, arguing that the trial court's determination that the hazard at issue was open and obvious was binding as law of the case, and that defendant did not breach its duty to plaintiff regarding the step. Plaintiff responded that the law of the case doctrine did not apply, and argued that the evidence established a genuine issue of material fact regarding whether defendant had breached its duty of care to plaintiff.

The trial court ruled on defendant's motion without oral argument, issuing a written opinion and order granting defendant's motion for summary disposition. The trial court opined that this Court's opinion in *Vroman III* did not completely vacate its original opinion and order granting summary disposition to defendant, stating that *Vroman III* "did not alter the [trial court's] ruling on whether the step was open and obvious" and that the trial court would not "re-litigate whether the step was open and obvious." The trial court added that it found the step to be open and obvious for the same reasons set forth in its previous opinion. The trial court then held that the open and obvious nature of the step made it reasonable for defendant to assume that an average person with ordinary intelligence would have discovered it, and that plaintiff had not established

---

[1] The Supreme Court vacated the "judgment" of the Court of Appeals. The "judgment" of the Court of Appeals is its opinion or order disposing of the appeal. See MCR 7.215(E)(1).

a genuine issue of material fact concerning whether defendant had breached its duty to plaintiff. It accordingly granted defendant's motion for summary disposition.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision regarding a motion for summary disposition. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks, citations, and emphasis omitted).]

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition, because a genuine issue of material fact existed regarding whether defendant breached its duty to plaintiff. We agree.

As a threshold issue, plaintiff argues that the trial court erred by ruling that its initial finding that the hazard was open and obvious was law of the case. Defendant argues, to the contrary, that the trial court properly concluded that the law-of-the-case doctrine applies to its initial ruling that the step constitutes and open and obvious condition. However, neither party correctly characterizes the trial court's ruling. What the trial court actually held, on remand, was not that it was bound by a prior appellate court ruling (which would be law of the case), but rather that this Court and the Supreme Court did not alter the *trial court's* earlier ruling on whether the step was open and obvious. And the trial court then found the step to be open and obvious for the same reasons it had outlined in its initial opinion. This does not implicate the law of the case doctrine.[2]

As noted, the trial court held on remand that the step was open and obvious for the reasons it had stated in its previous opinion. "All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed*, 512 Mich at 110. In general, the threshold question of "whether the defendant

---

[2] Even if our opinion in *Vroman I* affirming trial court's original grant of summary disposition somehow established the open and obvious nature of the hazard as law of the case, our Supreme Court in *Vroman II* vacated our opinion and remanded the case for reconsideration. Neither *Vroman II* nor *Vroman III* determined the issue of the step's openness and obviousness so as to "bind[] lower tribunals on remand and the appellate court in subsequent appeals." *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021).

owes an actionable legal duty to the plaintiff is one of law which the court decides." *Id*. at 112 (quotation marks and citations omitted). That said, "[w]here the evidence presented to a court concerning duty generates a question of fact, that question can be submitted to the jury for resolution." *Id*. at 112 n 2. In the premises-liability context, the question of duty centers around the relationship between the defendant as a premises possessor and the plaintiff as a visitor on those premises. *Id*. at 110-111. A plaintiff's status as a trespasser, licensee, or invitee on the premises dictates the level of duty owed, and protection afforded, to the plaintiff. *Id*. at 111-112.

Premises possessors have "a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Id*. at 148 (quotation marks and citation omitted). This duty of care includes not only the obligation "to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Tripp v Baker*, 346 Mich App 257, 263; 12 NW3d 45 (2023) (quotation marks and citation omitted).

If a plaintiff "establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty." *Kandil-Elsayed*, 512 Mich at 148. In doing so, it should consider whether an average person with ordinary intelligence would have discovered the hazard, and whether the defendant would have anticipated the harm despite it being open and obvious. *Id.* at 152-153. Whether a premises possessor breached its duty is ordinarily a question of fact for the jury, but if "the evidence presented to a court concerning breach generates no questions of fact, the issue can be decided by the judge as a matter of law." *Id.* at 112 n 2. Accordingly, "if there are no genuine issues of material fact" regarding the element of breach, "a court may properly grant summary disposition under MCR 2.116(C)(10)." *Id.* at 148 n 28.

In this case, the parties do not dispute that plaintiff was an invitee on defendant's premises when she encountered the step at issue. Defendant therefore owed plaintiff a duty to exercise reasonable care to protect her from an unreasonable risk of harm caused by a dangerous condition of the land. *Kandil-Elsayed*, 512 Mich at 149. Although defendant argues that the step was not a dangerous condition on the land, and therefore no duty was owed, there was no dispute that patrons of defendant's establishment would encounter the step upon entering and exiting, and that they would have to navigate it by stepping up or down. The step was therefore an obstruction on the ground that could be encountered and tripped over by an invitee; accordingly, we conclude that, viewed in the light most favorable to plaintiff, defendant owed her a duty to use reasonable care to protect her from an unreasonable risk of harm caused by the step. See *Kandil-Elsayed*, 512 Mich at 152 (holding that a cable obstructing a checkout lane was a "dangerous condition" as to which the defendant owed a duty of care to the plaintiff).

The trial court held that defendant did not breach its duty to plaintiff, finding that the evidence showed that the step was covered in tiles of a different color than the concrete surrounding it and was adequately lit; therefore, the trial court concluded that the step was "in plain view, demarcated by contrasting colors and lit up by a streetlight." We disagree with the trial court; the evidence presented to the trial court, viewed in the light most favorable to plaintiff, established a genuine issue of material fact regarding whether an average person of ordinary intelligence would have discovered the hazard. Plaintiff and other witnesses testified that the area with the step was poorly lit at the time plaintiff encountered it. Further, two witnesses testified

that although the top of the step was a different color than the surrounding cement, the vertical portion of the step was not, obscuring the change in elevation between the sidewalk and the step. Further, a witness testified that he observed two other persons trip on the step in an approximately 20-minute span shortly after plaintiff fell. Additionally, plaintiff and other witnesses testified that the photographs of the step, taken with a flash, did not accurately represent how they viewed it with the naked eye on the night in question. Although defendant presented evidence to counter plaintiff's assertions, such as evidence of various light sources that could have illuminated the step, on a motion for summary disposition under MCR 2.116(C)(10), a trial court "is not permitted to assess credibility, weigh the evidence, or resolve factual disputes." *Platt Convenience, Inc v Ann Arbor*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 359013), slip op at 5 (quotation marks and citation omitted). Moreover, "if material evidence conflicts, it is not appropriate to grant a motion under MCR 2.116(C)(10)." *Id.* (quotation marks and citation omitted, emphasis removed).[3] We therefore reverse the trial court's order granting defendant's motion for summary disposition and remand for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Mark T. Boonstra
/s/ Randy J. Wallace

---

[3] We note that the trial court and defendant have both asserted that our Supreme Court in *Kandil-Elsayed* stated that steps are "not ordinarily actionable" as hazards in a premises liability context unless unique circumstances are present. See *Kandil-Elsayed*, 512 Mich at 123, quoting *Bertrand v Alan Ford, Inc (After Remand)*, 449 Mich 606, 618-619; 537 NW2d 185 (1995). But the Court in *Kandil-Elsayed* never said anything of the sort; while it did quote from *Bertrand*, it did so in the context of describing the pre-*Lugo* state of premises liability law, referring to *Bertrand* as an early example of the open and obvious doctrine expanded upon in *Lugo v Ameritech Corp*, 464 Mich 512; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed*, 512 Mich at 143. Moreover, the Court explicitly described *Bertrand* as "continu[ing] to muddy the waters between duty and breach." *Kandil-Elsayed*, 512 Mich at 123. In that context, the trial court's (and defendant's) citations to *Kandil-Elsayed* are inapposite, to say the least.